UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mandel Sadat Morrison, #318888, | ) C/A No. 9:10-2919-JFA-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, Lee Correctional Institution, | ) |
| Respondent. | ) |

The petitioner, Mandel Sadat Morrison, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at the Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner herein challenges his convictions and sentences imposed on November 27, 2006 in York County.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed



by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even when considered under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background and Discussion

With respect to the convictions and sentences contested by the Petitioner in this federal petition, Petitioner filed an application for state Post-Conviction Relief (PCR) on March 20, 2009 in the Court of Common Pleas for York County, which was dismissed as procedurally barred on September 9, 2009. However, Petitioner then filed a second APCR concerning these convictions on May 20, 2010 in the same court, which is still pending. See Petition, pp. 12-13.

Petitioner's federal remedy of a writ of habeas corpus under 28 U.S.C. § 2241 or § 2254 can only be sought after *all* of his remedies in the courts of the State of South Carolina have been exhausted. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975). Title 28 U.S.C. § 2254(b) states, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." Here, Petitioner has a pending state APCR, and no evidence has been presented to show an absence of available state process, or that such process is ineffective in protecting Petitioner's rights. Since it is clear that Petitioner has a state APCR,

2



which is still pending and being actively pursued, he has failed to exhaust his state court remedies prior to filing this federal petition. Hence, having sought relief on his claims in state court, he must make his stand there before seeking relief in the federal courts.

## Conclusion

Based on the foregoing, it is recommended that this Petition be **dismissed**, without prejudice, and without requiring the Respondent to file a Return, for failure to exhaust state court remedies.[1] Braden, 410 U.S. at 490-491; Moore, 515 F.2d at 441-442; Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court]; 28 U.S.C. § 2254(b) and (c).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

December 8, 2010
Charleston, South Carolina

---

[1] Petitioner is cautioned to be aware of the filing deadlines in 28 U.S.C. §2244.

3



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

