IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mandel Sadat Morrison, ) | C/A No.:  9:10-2919-JFA-BM |
| ) | |
| Petitioner, ) | |
| vs. ) | O R D E R |
| ) | |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The *pro se* petitioner, Mandel Sadat Morrison, initiated this action pursuant to 28 U.S.C. § 2254 challenging his 2006 state court convictions and sentences.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this action should be dismissed without prejudice because the petitioner has not fully exhausted his state court remedies. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to submit objections to the Report and Recommendation, which was entered on the docket on December 9, 2010. The petitioner filed objections which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge indicates in his Report that petitioner filed an application for state Post Conviction Relief (PCR) on March 20, 2009, and that application was procedurally barred on September 9, 2009. Petitioner then filed a second PCR on May 20, 2010, which is still pending.

The Magistrate Judge correctly points out that his § 2254 petition can only be sought after all of his remedies in the South Carolina state courts have been exhausted. *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973). Here, the petitioner has a pending state PCR and he cannot show that a state process is unavailable or ineffective to him.

In his objections to the Report, petitioner contends that after the South Carolina Supreme Court dismissed his first PCR action on January 21, 2009, he did not have any other remedy available in South Carolina's highest state court and, therefore, he filed this §2254 habeas action. He indicates that he filed his second PCR application on May 20, 2010 after he had previously exhausted his remedies in state court. Petitioner's objection is unavailing.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

A certificate of appealability will not issue absent "a substantial showing of the denial

2

of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  For this reason, and for those stated herein, the petitioner's motion for a certificate of appealability is denied.[2]

    IT IS SO ORDERED.

March 21, 2011                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge

---

[2] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued.  See Rule 11(a) of the Rules governing  28 U.S.C. § 2254 and 2255.

3